UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUAXINTONG INTERNATIONAL INVESTMENT MANAGEMENT LIMITED and NEW ASIA (CHINA) INTERNATIONAL GROUP COMPANY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKUN USA INVESTMENT LLC, 1419 WK OWNER LLC, HK RR (NJ) LLC, AND 339 RIVER ROAD HOLDINGS LLC,<br><br>Defendants. | **Document Electronically Filed**<br><br>Civil Action No.: 2:22-cv-00609-KM-ESK<br><br>**VERIFIED ANSWER TO VERIFIED COMPLAINT** |

Defendants Hongkun USA Investment LLC ("Hongkun USA"), 1419 WK Owner LLC ("1419 WK"), HK RR (NJ) LLC ("HK RR"), and 339 River Road Holdings LLC ("339 River Road") (collectively, "Defendants"), with their principal place of business at 1222 Anderson Ave., Fort Lee, New Jersey, by and through their counsel, respectfully submit this Verified Answer to the Verified Complaint (the "Complaint") filed by Plaintiffs Huaxintong International Investment Management Limited ("Huaxintong") and New Asia (China) International Group Company Limited ("New Asia") (collectively, "Plaintiffs").

**PRELIMINARY STATEMENT**

1. Defendants provide no response to the statements contained in Paragraph 1 of the Complaint as said statements are not allegations of fact. To the extent a response is deemed required, denied.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint, except to admit that the Plaintiffs made certain loans to the Borrower; that the Borrower has not repaid the principal amount of the Loans; the remaining allegations constitute legal conclusions to which

no response is required and are the subject of a dispute between the parties pending in arbitration, and Defendants refer to the pleadings in that arbitration.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

## PARTIES

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendants deny that the address referenced in Paragraph 9 of the Complaint is Hongkun USA's "principal place of business." Defendants otherwise admit the allegation set forth in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendant deny that the address referenced in Paragraph 10 of the Complaint is 1419 WK Owner's "principal place of business." Defendants otherwise admit the allegation set forth in Paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint states legal conclusions with which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in

Paragraph 13 of the Complaint, and Defendants instead rely on those parts of the Notice of Removal (ECF No. 1) that pertain to jurisdiction.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint, and Defendants instead rely on those parts of the Notice of Removal (ECF No. 1) that pertain to jurisdiction.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint, and Defendants instead rely on those parts of the Notice of Removal (ECF No. 1) that pertain to jurisdiction.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint, and Defendants instead rely on those parts of the Notice of Removal (ECF No. 1) that pertain to jurisdiction.

## **GENERAL ALLEGATIONS**

17. Paragraph 17 of the Complaint purports to characterize a document that speaks for itself and therefore requires no response. To the extent a response is required, Defendants refer to the February 2019 Loan Agreement and deny those allegations of Paragraph 17 inconsistent therewith. Defendants also dispute the accuracy of the translation in Exhibit A.

18. Paragraph 18 of the Complaint purports to characterize a document that speaks for itself and therefore requires no response. To the extent a response is required, Defendants refer to the April 2019 Loan Agreement and deny those allegations of Paragraph 18 inconsistent therewith. Defendants also dispute the accuracy of the translation in Exhibit B.

19. Paragraph 19 of the Complaint purports to characterize a document that speaks for itself and therefore requires no response. To the extent a response is required, Defendants refer to

the May 2019 Loan Agreement and deny those allegations of Paragraph 19 inconsistent therewith. Defendants also dispute the accuracy of the translation in Exhibit C.

20. Paragraph 20 of the Complaint purports to characterize a document that speaks for itself and therefore requires no response. To the extent a response is required, Defendants refer to the January 2020 Loan Agreement and deny those allegations of Paragraph 20 inconsistent therewith. Defendants also dispute the accuracy of the translation in Exhibit D.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint purports to characterize documents that speak for itself and therefore requires no response. To the extent a response is required, Defendants refer to the Loan Agreements and deny those allegations of Paragraph 25 inconsistent therewith.

26. Paragraph 26 of the Complaint purports to characterize documents that speak for itself and therefore requires no response. To the extent a response is required, Defendants refer to the Loan Agreements and deny those allegations of Paragraph 26 inconsistent therewith.

27. Defendants admit that Huaxintong and New Asia commenced arbitration proceedings in Hong Kong. Defendants otherwise deny the allegations set forth in Paragraph 27 of the Complaint. Defendants also dispute the accuracy of the translation in Exhibits E to G.

28. Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants provide no response to the allegations set forth in Paragraph 30 of the Complaint because the term "various interests" is vague and undefined. To the extent a response is required, denied.

31. Defendants provide no response to the allegations set forth in Paragraph 31 of the Complaint because Defendants we do not have sufficient information to admit or deny this allegation as phrased. To the extent a response is required, denied.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants admit the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants provide no response to the statements contained in Paragraph 35 of the Complaint as said statements are conclusions of law and not statements of fact. To the extent a response is deemed required, denied.

36. Defendants provide no response to the statements contained in Paragraph 36 of the Complaint as said statements are conclusions of law and not statements of fact. To the extent a response is deemed required, denied.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants provide no response to the allegations set forth in Paragraph 40 of the Complaint because the term "substantially all" is vague and undefined. To the extent a response is required, denied.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants admit that Xinjun Zhang met several times with Ruiqi Fu. Defendants otherwise deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants admit that Ruiqi Fu sent a document prepared by Jones Lang LaSalle to Xinjun Zhang. Defendants otherwise deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants admit that Beijing Hongkun is not a subsidiary of Hongkun USA. Defendants state that the remaining allegations of Paragraph 50 of the Complaint state legal conclusions to which no response is required, and, to the extent that a response to such allegations is deemed required, denied.

51. Paragraph 51 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, denied.

## AS AND FOR AN ANSWER TO THE FIRST COUNT

52. Defendants incorporate the foregoing and subsequent paragraphs as if set forth herein.

53. Paragraph 53 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint states legal conclusions with which no response is required. To the extent that a response is deemed required, Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. By asserting these defenses, Defendants do not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a cause of action upon which relief can be granted. Specifically, the New Jersey Properties are not referenced in any of the purported Loan Agreements.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks the authority to grant the request of Plaintiffs, as unsecured creditors, for preliminary injunctive relief pending adjudication of their claims under the Loan Agreements.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claim asserted by Plaintiffs because Plaintiffs fail to present an actual case or controversy.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the matter in controversy is subject to arbitration proceedings with the Hong Kong International Arbitration Centre. The cases are styled as *New Asia (China) International Group v. Hongkun USA Investment LLC, et al.*, Case No. HKIAC/A21240; and *Hauxintong International Investment Management Limited v. Hongkun USA Investment LLC, et al.*, Case No. HKIAC/A21238.

### FIFTH AFFIRMATIVE DEFENSE

The equities in this case weigh against the relief that Plaintiffs seek.  The nature of the injuries complained of by Plaintiffs are redressable without resorting to injunctive relief.  Plaintiffs' alleged harm is monetary in nature and therefore is redressable through remedies at law.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this proceeding.

Dated: March 1, 2022

/s/ Matthew D. Stockwell
Matthew D. Stockwell (MS-1804)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
212.858.1000
*Attorney for Defendants*

## **VERIFICATION**

Qiang Li, being duly sworn, deposes and says:

I have been authorized by the defendants Hongkun USA Investment LLC ("Hongkun USA"), 1419 WK Owner LLC ("1419 WK"), HK RR (NJ) LLC ("HK RR"), and 339 River Road Holdings LLC ("339 River Road"), to make this Verification on their behalf. I have read the foregoing Verified Answer and Affirmative Defenses and know the contents thereof, and the same is true of my own knowledge, except as to those matters alleged upon information and belief and, as to those matters, I believe them to be true.

I verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Qiang Li

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the subject matter of this proceeding is related to a pending arbitration proceeding in the Hong Kong International Arbitration Centre, Nos. HKIAC/A21239 and A21240.

Dated: March 1, 2022

/s/ Matthew D. Stockwell
Matthew D. Stockwell (MS-1804)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
212.858.1000
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 1, 2022, I caused a true and correct copy of the foregoing Verified Answer to be served via ECF on all counsel of record.

Dated: March 1, 2022

/s/ Matthew D. Stockwell
Matthew D. Stockwell (MS-1804)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
212.858.1000
*Attorney for Defendants*